DANIEL WASHBURN, JR., and WIFE, *v.* JOHN DEWEY.

[IN CHANCERY.]

A contract, by which the defendant agreed to deed certain lands to a married woman, on payment by her of a note executed by her husband, cannot be connected with other independent contracts or notes held by the defendant against the husband, so as to render the insolvency of the husband, or his inability to perform his contract, any excuse for the defendant in not performing his contract with the wife.

So the inconvenience to which it may put the defendant to part with the land, or the fact that the orators might have recovered damages at law for his non-performance, is no reason why a specific performance should not be decreed by a court of equity, when the wife has tendered performance of the contract upon her part.

A tender of performance of a condition precedent, as the payment of a note, entitles the party to a performance on the other side ; and no farther offer is required, nor is it necessary to bring the money into court, until the defendant demands it.

A motion to dismiss a bill in chancery, because the matter in controversy does not exceed fifty dollars, should have been presented to, and acted on by, the chancellor, or it cannot be noticed in this court.

APPEAL from the court of chancery. After the entry of the appeal in this court a motion to dismiss the bill was filed by the defendant, because, as he alleged the matter in controversy did not exceed fifty dollars.

The orators set forth in the bill, in substance, that, on the 3d day of May, 1838, the oratrix contracted with the defendant to purchase of him 45½ acres of land ; that she was then, and at the time of the filing of the bill, the wife of the said Daniel ; that the defendant executed to her a writing, whereby he promised, that, if she should, on or before the 25th day of April, 1839, pay to the defendant a note due from the said Daniel to him, dated the 25th day of April, 1838, for $120, he would convey to her the said land ; that on the 12th day of April, 1839, the oratrix tendered to the defendant $120 in full payment of the said note, and demanded a deed ; and that the defendant refused, and had ever after neglected, to execute and deliver said deed. And the orators prayed that the defendant might be decreed to execute a deed of the premises to the oratrix, according to his contract.

The defendant in his answer alleged, that the contract for the purchase of the land in question was made by the said Daniel, and that the $120 note had been given for the same ; that it was at his sole request and procurement that the promise to convey the premises to his wife was executed ; that, previous thereto, the defendant had contracted with the said Daniel to convey to him a certain portion of a lot of land, of which the said 45½ acres formed a part, upon the payment of the sum of $330 therefor ; that the said sum of $330 remained unpaid, and the said Daniel had become insolvent ; that the occupancy of said 45½ acres of land was neces-

sary to the enjoyment and use of the land so contracted to be sold to the said Daniel, the payment for which could not be enforced against him, and the severance from which of the 45½ acres by conveyance, as sought to be enforced by the orators, would work great injustice to the defendant; and claiming that he ought not to be compelled to convey to the wife of the said Daniel said 45½ acres, until the said Daniel should pay to the defendant as well the said $330, as the $120 contracted to be paid for the 45½ acres as aforesaid. The defendant admitted the tender of the said $120, as by the orators alleged.

The answer was traversed and testimony taken; and the court of chancery decreed that the defendant convey the premises to the oratrix, upon certain terms specified; from which decree the defendant appealed.

———— for orators.

*J. Dewey, pro se.*

1. Though the oratrix tendered the money properly before the time specified, yet the tender was not kept, and brought into court when this bill was entered. *Bailey* v. *Metcalf,* 6 N. H. Rep. 156; *Chipman* v. *Bates,* 5 Vt. 143; 1 Swift's Dig. 296.

2. The contract in question was made with the wife during coverture. It is the same is if made with the husband, and is subject to the same equities. *Shuttlesworth* v. *Noyes et al.,* 8 Mass. 229; 1 Chit. Pl. 19.

3. The husband could not require the specific performance of this contract, without first doing equity. He should pay the $330, and take the defendant's interest in the remainder of the farm, before he could require the defendant to convey the 45½ acres.

4. The orator's remedy at law, on the contract, was perfect, and no reason is alleged in the bill why there should be a specific performance.

The opinion of the court was delivered by

WILLIAMS, Ch. J.    The case is a very clear one for the orators, and I cannot see why it was brought here on appeal.    The defendant, on the 3d day of May, 1838, made a contract, by which he became under obligation to deed to the wife of Washburn a certain piece of land, on her paying him a note which he held against her husband.    The wife was the person to be benefited, as appears abundantly both from the proof and the contract itself.    Payment of the note was tendered.    The case of the orators was therefore fully made out.

The excuses for not performing this contract are, if not frivolous, at least very unsatisfactory.    The oratrix, having tendered to the defendant the money for the payment of the note, had nothing farther to do, until the defendant manifested his willingness to comply with his obligation, and demanded the money.    There is no pretence, therefore, for saying the "tender was not kept good."

The defendant made this contract for the benefit of the wife, and undoubtedly understood the nature and extent of his contract, the subject about which he was contracting, and the parties to the contract.    It is manifestly unjustifiable, as well as inequitable, to attempt to connect this transaction with other notes and contracts which the husband had made with the defendant, and which were in existence at the time the defendant made the contract, the performance of which is insisted on in the orators' bill.    The insolvency of Washburn, or his inability to fulfil his contracts, affords no legal or equitable excuse to the defendant for not performing his contract with the wife of Washburn.

The value and situation of the 45½ acres, as part of the farm, may render it desirable for the defendant to retain it; but if so, he should not have contracted and agreed to deed it to the oratrix. The orators might have recovered of the defendant, at law, damages for the non-performance of the contract; but that is no reason why they should not have a decree for a specific performance.    The remedy at law might not be adequate, and they had clearly a right to select the remedy in chancery.

The motion to dismiss is wholly unfounded.    In the first place

the facts on which it is attempted to be sustained are not proved. The matter in controversy is clearly more than fifty dollars. In the second place, the motion does not appear to have been presented to, and acted on by, the chancellor.

The decree of the chancellor is affirmed, with an alteration as to the time in which the orators are to pay the amount of the note, and the defendant to deed the land; and the cause will be remanded to the chancellor, with proper directions to carry the same into effect.